## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ComplementSoft, LLC,

       Plaintiff,

   v.                              Civil Action No. 1:12-cv-7372

SAS Institute, Inc.,

       Defendant.

## PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1.    <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.    <u>Definitions</u>:

a.    "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b.    "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

c.     "Highly Confidential" information is information within the scope of Rule

26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive

or strategic than Confidential information, the disclosure of which is likely to significantly harm

that person's competitive position, or the disclosure of which would contravene an obligation of

confidentiality to a third person or to a Court.

d.     "Highly Confidential-Source Code" is information that comprises or describes

computer source code that qualifies as Highly Confidential information under 2(c) above.

e.     Information is not Confidential, Highly Confidential, or Highly Confidential-

Source Code if it is disclosed in a printed publication, is known to the public, was known to the

recipient without obligation of confidentiality before the producer disclosed it, or is or becomes

known to the recipient by means not constituting a breach of this Order.  Information is likewise

not Confidential, Highly Confidential, or Highly Confidential-Source Code if a person lawfully

obtained it independently of this litigation.

3.     <u>Designation of information as Confidential, Highly Confidential, or Highly</u>

<u>Confidential-Source Code</u>:

a.     A person's designation of information as Confidential, Highly Confidential, or

Highly Confidential-Source Code means that the person believes in good faith, upon reasonable

inquiry, that the information qualifies as such.

b.     A person designates information in a document or thing as Confidential, Highly

Confidential, or Highly Confidential-Source Code by clearly and prominently marking it on its

face as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL-

SOURCE CODE."  A producer may make documents or things containing Confidential, Highly

Confidential, or Highly Confidential-Source Code information available for inspection and

copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential, Highly Confidential, or Highly Confidential-Source Code before providing them to the recipient.

      c.     A person designates information in deposition testimony as Confidential, Highly Confidential, or Highly Confidential-Source Code by stating on the record at the deposition that the information is Confidential, Highly Confidential, or Highly Confidential-Source Code or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential, Highly Confidential, or Highly Confidential-Source Code.

      d.     A person's failure to designate a document, thing, or testimony as Confidential, Highly Confidential, or Highly Confidential-Source Code does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.     A person who has designated information as Confidential, Highly Confidential, or Highly Confidential-Source Code may withdraw the designation by written notification to all parties in the case.

      f.     If a party disputes a producer's designation of information as Confidential, Highly Confidential, or Highly Confidential-Source Code, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of

CHI-1875828v4

proving that the information is properly designated as Confidential, Highly Confidential, or Highly Confidential-Source Code. The information shall remain subject to the producer's Confidential, Highly Confidential, or Highly Confidential-Source Code designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential, Highly Confidential, or Highly Confidential-Source Code is not an admission that the information was properly designated as such.

4.      Use and disclosure of Confidential, Highly Confidential, or Highly Confidential-Source Code information:

a.      Confidential, Highly Confidential, and Highly Confidential-Source Code information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b.      Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

c.      Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential or Highly Confidential-Source Code information to any person other than those identified in paragraph 4(b)( i), (iv), (v), and (vi).

d.      A party may not disclose Confidential, Highly Confidential, or Highly Confidential-Source Code information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.  The party obtaining the undertaking must serve it on all other parties within ten days after its execution.  At least ten days before the first disclosure of Confidential, Highly Confidential, or Highly Confidential-Source Code information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification.  Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential, Highly Confidential, or Highly Confidential-Source Code information may not be disclosed to the expert or consultant without the Court's approval.

e.      Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential, Highly Confidential, or Highly Confidential-Source Code information to:  (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f.      A party who wishes to disclose Confidential, Highly Confidential, or Highly Confidential-Source Code information to a person not authorized under paragraph 4(b) or 4(c)

CHI-1875828v4

must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5.    Copies: Subject to the provisions of Paragraph 11 regarding source code, a party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6.    Inadvertent Disclosure: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

7.    Filing with the Court:

a.    This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential, Highly Confidential, or Highly Confidential-Source Code information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential, Highly Confidential, or Highly Confidential-Source Code information.

b.    If a party wishes to file in the public record a document that another producer has designated as Confidential, Highly Confidential, or Highly Confidential-Source Code, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court to require the document to be filed under seal.

CHI-1875828v4

c.     Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8.     <u>Document Disposal</u>:  Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential, Highly Confidential, or Highly Confidential-Source Code information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information.  Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential, Highly Confidential, or Highly Confidential-Source Code information.  The party returning and/or destroying the producer's Confidential, Highly Confidential, and Highly Confidential-Source Code information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9.     <u>Originals</u>:  A legible photocopy of a document may be used as the "original" for all purposes in this action.  The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

10.     <u>Survival of obligations</u>:  This order's obligations regarding Confidential, Highly Confidential, and Highly Confidential-Source Code information survive the conclusion of this case.

CHI-1875828v4

11.    <u>Additional restrictions regarding source code.</u>  To the extent a Producer's source code is discoverable in this action, it may be designated as "HIGHLY CONFIDENTIAL-SOURCE CODE" and, unless the Producer agrees otherwise, shall be subject to the following additional restrictions and protections:

a.    Source code in electronic format may be made available for inspection at:

    (i)    the office of the Producer's outside counsel of record in this action in the Chicago area;

    (ii)    a location mutually agreed upon by the Recipient and Producer in the Chicago area; or

    (iii)    at a location to be determined by the Producer if the Producer is a non-party to this litigation.

After the Producer has provided notice that the source code is made available for inspection, the Producer shall make the source code available for inspection within a reasonable amount of time after receiving notice from the Recipient.  The Producer and the Recipient shall meet and confer prior to the source code being made available to discuss any tools, utilities, or programs that may be necessary to review or analyze the source code.  Said source code shall be made available during regular business hours (8:00 a.m. to 6:00 p.m. local time), and the Recipient shall inspect the source code in private, without any agents or representatives of the Producer in attendance.

b.    Unless the parties agree otherwise, each Producer will load its source code on a non-networked computer ("Source Code Computer") that is password protected and maintained in a secure, locked area, in a private room having a private landline; the Source Code Computer shall not be connected to the phone line.  The Source Code Computer shall have a commercially reasonable processing speed and have all ports disabled, except for a printer port used to connect the computer to a printer.  The Source Code Computer shall have two displays of a sufficient size

CHI-1875828v4

to facilitate the review of the source code. One of the two displays may be a laptop display if the Source Code Computer is a laptop. The Producer shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the code. All source code print outs must be made in accordance with the provisions of (e) below.

      c.     The source code shall be stored on the Source Code Computer in its native form and in its native directory structure as the source code is organized and kept in the ordinary course of business. The source code shall also be organized so that the product, version, and edition with which the source code is associated is readily discernible.

      d.     The Producer shall provision the Source Code Computer with the applications, programs, and utility software that are used by the Producer in the ordinary course of business to review and analyze the source code, unless such provisioning would cause undue burden on the Producer. The Producer shall also provision the Source Code Computer with such other information, including but not limited to passwords or key codes, necessary to allow the review and analysis of the source code by the Recipient. The Recipient may request that the Producer install on the Source Code Computer certain tools, utilities or programs of the Recipient's choosing to aid the Recipient in its review, analysis and searching of the source code, and the Producer shall comply with all such reasonable requests. If the Producer will be installing software tools requested by the Recipient, the Recipient must provide the Producer with the installers/executables for such software tool(s) at least two days in advance of the inspection. The Recipient shall incur all costs associated with such installation, including but not limited to any shipping costs. Upon notice by the Recipient of a deficiency in the applications, programs, utility software and other information provided by the Producer, including but not limited to

CHI-1875828v4

passwords or key codes, the Producer will remedy the deficiency at its own costs as soon as possible to allow the review of the source code by the Recipient.

      e.      No paper print-outs shall be made of source code except for: (i) portions necessary for use in and preparation for this case, including but not limited to when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts; and (ii) such other uses to which the Parties may agree or that the Court may order. When inspecting the source code, the Recipient shall be allowed to print paper copies of the source code on pre-Bates labeled paper provided by the Producer. Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time. After printing, the Recipient shall provide a copy of the print-outs to the Producer within 3 (three) business days. The Recipient may make hard copies of the paper print-outs as necessary for use in and preparation of the case. The Recipient may also make up to four (4) electronic copies of the paper print-outs for use in and preparation of the case. All printed and electronic copies of source code shall be securely maintained; printed and electronic copies shall be kept in a locked room or cabinet at the office of outside counsel of record of the Recipient or designated experts and consultants when not in use and shall be destroyed as soon as they are no longer needed. Hard copies and electronic copies may be made for and used in Court filings and proceedings, expert reports, other pleadings and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL-SOURCE CODE" information if necessary.

f.    Notwithstanding any other provision herein, "HIGHLY CONFIDENTIAL-

SOURCE CODE" material shall not leave the geographic boundaries of the continental United

States.

g.    Final Disposition of Source Code.  All copies of source code shall be disposed of

pursuant to paragraph 8.


Agreed to by the parties:

s/ James E. Hanft                                                 s/ John A. Marlott
Jason G. Harp                                                     John A. Marlott (06230613)
SCHIFF HARDIN LLP                                        JONES DAY
233 South Wacker Drive, Ste 6600                     77 West Wacker Drive, Suite 3500
Chicago, IL  60606                                            Chicago, IL  60601
Telephone:  (312) 258-5500                              Telephone:  (312) 782-3939
Facsimile:  (312) 258-5600                               Facsimile:  (312) 782-8585

Stephen M. Hankins                                         Counsel for Defendant
SCHIFF HARDIN LLP                                        *SAS Institute, Inc.*
One Market
Spear Tower 3200
San Francisco, CA 94105
Telephone:  (415) 901-8756
Facsimile:  (415) 901-8701

James E. Hanft (admitted *pro hac vice*)
SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York City, NY 10103
Telephone:  (212) 753-5000
Facsimile:  (212) 753-5044

Counsel for Plaintiff
*ComplementSoft, LLC*

So Ordered:

_____              _____
The Honorable Jeffrey T. Gilbert                      Date   3/15/13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ComplementSoft, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:12-cv-7372 |
| SAS Institute, Inc., | |
| Defendant. | |

## UNDERTAKING OF [     ]

I, _____, state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert or consultant in connection with this case. I will be receiving Confidential, Highly Confidential, and Highly Confidential-Source Code information that is covered by the Court's protective order dated _____. I have read the Court's protective order and understand that the Confidential, Highly Confidential, and Highly Confidential-Source Code information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential, Highly Confidential, and Highly Confidential-Source Code information solely for purposes of this case. I understand that neither the Confidential, Highly Confidential, and Highly Confidential-Source Code information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential, Highly Confidential, and Highly Confidential-Source Code information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
[Signature]

Subscribed and sworn to
before me this _____ day
of _____, 20___.

_____
Notary Public

CHI-1875828v4